IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROLANDO RENTERIA-CAMACHO,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**DIRECTV, INC., DIRECTV, LLC,**<br><br>    **Defendants.** | Case No. 14-2529 |

## MEMORANDUM AND ORDER

Plaintiff Rolando Renteria-Camacho filed the present action against defendants DIRECTV, Inc. and DIRECTV, LLC,[1] alleging violations of the Fair Labor Standards Act ("FLSA"). This matter is before the court on DIRECTV's motion to dismiss (Doc. 11).[2] DIRECTV argues that plaintiff's complaint lacks the required factual allegations to state a claim upon which relief can be granted. For the reasons below, the court denies DIRECTV's motion to dismiss.

**I. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. The Supreme Court set forth the standard for pleadings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), stating that pleadings should include "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. The court accepts all well-pleaded factual allegations as true and views these allegations in the light most favorable to the nonmoving party. *United States v. Smith*, 561 F.3d 1090, 1098 (10th Cir. 2009). But the court does not have to accept legal conclusions as true. *Iqbal*, 556 U.S. 662 at 678. "Thus, mere 'labels and conclusions' and 'formulaic recitation of the

---

[1] Defendants note that, as of January 1, 2012, DIRECTV, Inc. completely merged into DIRECTV, LLC, thus there is really only one defendant in this case. (Doc. 20 at 2, n.1.) For clarity, the court will simply use DIRECTV.

[2] Pursuant to this district's local rule, DIRECTV's reply was due on March 2, 2015. D. Kan. Rule 6.1(d) (noting that this rule's time periods include the three-day period allowed under Federal Rule of Civil Procedure 6(d)). Because DIRECTV filed its reply on March 5, 2015, its reply is technically untimely. However, even if the court considered that reply, DIRECTV's arguments fail.

-1-

elements of a cause of action' will not suffice." *Khalik*, 671 F.3d 1188, 1191 (10th Cir. Feb. 6, 2012) (quoting *Twombly*, 550 U.S. at 555). "[U]nder Rule 8, '[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. at 1192 (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)). Ultimately, the issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

## II. Analysis

According to plaintiff, DIRECTV hires numerous subcontractors collectively known as Home Service Providers ("HSP"). DTV Home Services II, LLC ("DTVHS"), one such HSP that was later acquired by DIRECTV, hired its own subcontractors, one of which allegedly employed plaintiff—though plaintiff never names that subcontractor. In the end, plaintiff contends DIRECTV is liable as his employer under the FLSA.

DIRECTV argues that plaintiff's complaint lacks the required factual allegations to state a claim upon which relief may be granted under *Twombly* and *Iqbal*. Specifically, DIRECTV maintains plaintiff's complaint fails to establish (1) an employment relationship under the FLSA because he has not identified the precise subcontractor that employed him; and (2) he was not paid minimum wage or paid for overtime work because plaintiff has provided, among other things, the specific week(s) that he worked or the hours he worked during that time. The court disagrees.

First, DIRECTV argues plaintiff has not pleaded sufficient facts to establish that he was an employee of DIRECTV under the FLSA because he has not identified the DTVHS-subcontractor that employed him. The FLSA broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *see also Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947) ("The

definition of 'employ' is broad. . . . include[ing] those who are compensated on piece rate basis."). In determining whether an employment relationship exists, courts use the "economic realities" test. *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 506 (10th Cir. 2012). That test focuses on whether the employee is economically dependent on the business to which he renders service, focusing on (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business. *Id*. (citation and quotation omitted). None of those six factors is, alone, dispositive. *Id*.

Plaintiff provides facts relating to at least three of those factors, including DIRECTV's degree of control over him, the degree of skill required to perform the work, and the extent to which the work is an integral part of DIRECTV's business. For instance, plaintiff alleges the "Provider Agreement" between DIRECTV and its HSPs required the HSP's employees (and any HSP-subcontractor employees, like plaintiff) to hold themselves out as agents of DIRECTV, wear clothing with and drive vans displaying DIRECTV's logo, and receive job assignments and instructions from a centralized computer software system that DIRECTV controls. Similarly, plaintiff was required to obtain a certification from the Satellite Broadcasting & Communications Association before they may be assigned DIRECTV work orders. Plaintiff also spends eighteen paragraphs explaining DIRECTV's network of HSPs, DIRECTV's acquisition of DTVHS, and the relationship of those facts to plaintiff. (*See* Doc. 1 at 4–7, ¶¶ 10–27.) While plaintiff should have explicitly named the DTVHS-subcontractor that employed him, the court determines that, at this stage of the proceedings, plaintiff's allegations are sufficient to state a claim against DIRECTV. Moreover, the *Lang* court, analyzing a similar complaint, denied DIRECTV's motion to dismiss. *See Lang, et al. v. DIRECTV, Inc.*, 735 F. Supp. 2d 421, 432–

434 (E.D. La. 2010). At a later stage, the court may need more information regarding the subcontractor(s) to fully evaluate the factors identified above, but such detail is not required at this time. Plaintiff has pleaded sufficient facts to show that DIRECTV was plaintiff's employer for purposes of the FLSA.

Second, DIRECTV argues that plaintiff has not pleaded sufficient facts to establish that DIRECTV failed to pay him minimum wage or failed to pay him overtime. Specifically, DIRECTV asserts plaintiff's complaint lacks the following, necessary facts:

- How many hours he worked for which he was not compensated;
- The weeks he worked those uncompensated hours;
- What his rate of pay was;
- What amount of business expenses he incurred for which he was not reimbursed; and
- The number and amount of charge backs that were allegedly deducted from his pay.

(Doc. 21 at 9.) DIRECTV says that "[w]ithout these facts, no such claims can be maintained as a matter of law." (*Id*. at 10.) While DIRECTV may ultimately be correct, such a determination is more appropriate on a motion for summary judgment—not a motion to dismiss. The threshold here is whether plaintiff is entitled to offer such evidence. *Beedle*, 422 F.3d at 1063. Moreover, this court rejected similar arguments in *Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM, 2011 WL 6304126, at *3 (D. Kan. Dec. 16, 2011). This court explained:

> To require such detail would elevate the pleading burden of an FLSA plaintiff above the pleading burden of other plaintiffs. *See McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009). "[T]he requirements to state a claim of a FLSA violation are quite straightforward"; they require the plaintiff to show "a failure to pay overtime compensation and/or minimum wages to covered employees"— no more. *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Id*. at 4. Like the *Spears* defendants, DIRECTV also cites *Wass v. NPS International, Inc.*, 688 F. Supp. 2d 1282, 1289 (D. Kan. 2010) (determining plaintiffs needed to plead more specific facts because the case did not involve a straightforward FLSA claim). Like in *Spears*, this court once again

finds *Wass* distinguishable from the present case because plaintiff here alleges his pay was unlawful over the entire course of his employment.[3]  Accordingly, the court elects to follow *McDonald* and the long line of cases declining to require factually detailed pleading in FLSA cases.  *See Labbe*, 319 F. App'x at 763–64; *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342 (4th Cir. 2005); *Solis v. La Familia Corp.*, No. 10-2400-EFM, 2011 WL 2531140, at *4 (D. Kan. June 24, 2011); *Nicholson v. UTi Worldwide, Inc.*, No. 09-772-JPG, 2010 WL 551551, at *4 (S.D. Ill. Feb. 12, 2010)); *see also Gehrke v. Pinnacle Health Grp., LLC*, No. 13-4135-CV-C-FJG, 2013 WL 5890701, at *3 (W.D. Mo. Nov. 4, 2013).

For these reasons, plaintiff's FLSA claims are facially plausible, and the court denies DIRECTV's motion.

**IT IS THEREFORE ORDERED** that defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 11) is denied.

**IT IS FURTHER ORDERED** that plaintiff's conditional motion to amend (Doc. 19) is denied as moot.

Dated this 26th day of March, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

---

[3] Although DIRECTV questions plaintiff's use of "routinely" throughout the complaint while using "always" in his response brief, the court sees no inconsistency as plaintiff has used the terms—if one is *always* denied something, one is also *routinely* denied it.