**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RONALDO RENTERIA-CAMACHO,    )
    )
    Plaintiff,    )
    )    Case No.   2:14-cv-02529-CM-JPO
    vs.    )
    )
DIRECTV, INC. and DIRECTV, LLC,    )
    )
    Defendants.    )
    )

## PROTECTIVE ORDER

Plaintiff Ronaldo Renteria-Camacho and Defendant DIRECTV[1] agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action.  They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals.  The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary to protect the parties and other persons from annoyance and embarrassment and to protect against the disclosure of information that is proprietary and/or confidential in nature.  Discovery in this Fair Labor Standards

---

[1]  Effective January 1, 2012, DIRECTV, Inc. merged into DIRECTV, LLC and out of existence. Accordingly, although Plaintiff has named two Defendants, only one, DIRECTV, LLC, currently exists.

Act case may seek private information concerning the parties and non-parties, including but not limited to:    Plaintiff's confidential financial, income, and work records; records related to current and/or former employees of Defendant; confidential financial information of Defendant; and confidential and/or proprietary information related to Defendant's employees, and the business and operation of Defendant, including Defendant's contracts with third-parties, policies, practices, or procedures.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request, and hereby enters the following Protective Order:

1.    **Scope.**   All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.   As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.    **Definition of Confidential Information.**   As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.   For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

(a)   medical, financial, educational, and/or tax records; (b) files, records, and/or information of current and/or former employees of Defendant; (c) records related to Defendant's contracts with third-parties; (d) confidential and/or proprietary information or trade secrets related to the business and operation of Defendant, including policies, practices, or procedures; and (e) records whose disclosure is restricted or prohibited by law.

3.     **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in

3

this Order.

**4.     Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure.

**5.     Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript.   Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6.     Protection of Confidential Material.**

**(a)     General Protections.**   Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

**(b)     Who May View Designated Confidential Information.**   Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1)     The parties to this litigation, including any employees, agents, and representatives of the parties;

(2)     Counsel for the parties and employees and agents of counsel;

(3)     The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for

depositions;

(5)    Any mediator appointed by the court or jointly selected by the parties;

(6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

(7)    Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying;

(8)    The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)   Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)    Control of Documents**.   The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order, including, without limitation, by instructing any of the individuals listed in Paragraph 6(b)(6) and (7) that any Confidential Information disclosed to them is confidential and subject to a protective order limiting use of the information to this lawsuit.

**7.    Filing of Confidential Information**.   In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with

the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.   Pro hac vice attorneys must obtain sealed documents from local counsel.

**8.     Challenges to a Confidential Designation.**   The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.   A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.   The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.   Until the court rules on the challenge, all

parties must continue to treat the materials as Confidential Information under the terms of this Order.

9.     **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.   A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.   The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10.    **Obligations on Conclusion of Litigation.**

(a)     **Order Remains in Effect.**   Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)     **Return of Confidential Documents.**   Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:   (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies

7

to the producing party that it has done so.

(c)     **Retention of Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.   This work product will continue to be confidential under this Order.   An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**11.**     **Order Subject to Modification**.   This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.    The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12.**     **No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**13.**     **Persons Bound by Protective Order.**   This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

8

14.   **Jurisdiction.**   The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.   But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

15.   **Applicability to Parties Later Joined.**   If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

16.   **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17.   **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.   In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the

subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.   The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.   The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**18.    Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**   The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.   Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing

party within 14 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.   Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.   The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated:   April 6, 2015

 s/ James P. O'Hara
U.S. Magistrate Judge

**WE SO MOVE on this 6th day of April, 2015, and agree to abide by the terms of this Order:**

**s/ Todd C. Werts, Counsel for Plaintiff**

**s/ Christopher R. Howard, Counsel for Defendant**

11