## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROLANDO RENTERIA-CAMACHO,

    Plaintiff,

v.

DIRECTV, INC. AND DIRECTV, LLC,

    Defendants.

Case No. 14-2529

### MEMORANDUM & ORDER

This matter comes before the court upon the parties' Consent Motion for Settlement (Doc. 115), filed by plaintiff Rolando Renteria-Camacho. Plaintiff brings this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, for alleged violations of the unpaid overtime and minimum wage protections in the Act. Plaintiff is a technician who serviced and installed DIRECTV systems. This case is one of many similar cases brought by technicians across the country. Plaintiff attempted to join two other national cases, but ultimately brought his claim in this court as an individual plaintiff. The court denied defendants' motion to dismiss on March 26, 2015 (Doc. 23) and denied defendants' Motion for Summary Judgment on October 16, 2017 (Doc. 98). As the parties describe, rulings from courts across the country have diverged on nearly every legal question at issue in these cases.

On November 8, 2017, the court granted the parties' Joint Motion to Stay Case for Global Mediation (Doc. 101). The parties and other similarly situated plaintiffs mediated over the course of several weeks, ultimately developing a settlement framework to apply to each individual case. The parties now present their Settlement Agreement for the court's approval.

    **I.    Legal Standard**

-1-

The court must determine whether settlements of claims under the FLSA are fair and reasonable. "[T]o approve the settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Porter v. West Side Rest., LLC*, No. 13-1112-JAR, 2015 WL 685855, at *1, (D. Kan. Feb. 18, 2015) (quoting *Peterson v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *1, *2 (D. Kan. Aug. 25, 2011)). The agreement must also include reasonable attorney's fees. *Id.* (citing 29 U.S.C. § 216(b)).

## II. Discussion

### A. Bona Fide Dispute

There is a bona fide dispute on various legal issues in this case. As noted above, and in the parties' motion, there are various similarly situated cases across the country which have resulted in conflicting decisions from courts on the legal questions at issue in this case. Where one court grants summary judgment in defendants' favor, another trial results in a plaintiff's verdict. The parties' agreement to settle comes after full discovery, dispositive motion practice in this case and in related cases, and the global mediation process. If this case went to trial, plaintiff could win and be entitled to a verdict, fees and costs, but if a jury found for defendants, he would receive nothing. There is a bona fide dispute.

### B. Fair and Reasonable

The mediation and the parties' application of the settlement framework developed during negotiations to this case results in a fair and reasonable settlement of plaintiff's claims. Plaintiff would be paid $6,400. This amount equals $200 for every week plaintiff estimates he worked overtime during the two-year FLSA statute of limitations. Plaintiff would have had to prove that defendants

acted willfully to obtain another year of liability. The court finds that this amount is fair and reasonable to both parties.

### C. Attorney's Fees

The court finds that the parties proposal to award $26,000 in attorney's fees reasonable. Plaintiff's counsel's declaration and the parties' motion sets forth the expenses incurred and hourly work performed. The parties agreed to a reduction in the lodestar amount exceeding fifty percent. Although the parties did not extensively discuss the factors often considered in this circuit to determine the reasonableness of attorney fees, the court finds that this award accomplishes those factors' goals. This award is reasonable and the parties' motion is therefore granted.

**IT IS THEREFORE ORDERED** that the parties' Consent Motion for Settlement (Doc. 115) is granted. The parties shall file a joint stipulation of dismissal.

Dated August 1, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**